UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Devon R. Miller, Individually and On Behalf of All Individuals Similarly Situated<br>c/o Scott & Winters<br>812 Huron Road E., Suite 490<br>Cleveland, OH 44115<br><br>   -Plaintiff<br><br>-vs-<br><br>Baltimore Builders Supply & Millwork, Inc.<br>c/o Ohio Valley Agent Corp., Statutory Agent<br>144 East Main Street<br>Lancaster, OH 43130<br><br>      And<br><br>Hometown Hardwares, Inc.<br>c/o Ohio Valley Agent Corp., Statutory Agent<br>144 East Main Street<br>Lancaster, Oh 43130<br><br>      And<br><br>Ashville Ace Hardware<br>2943 St. Rte 752, Ste. A<br>Ashville, OH 43103<br><br>      And<br><br>Baltimore Ace Hardware<br>8865 Lancaster-Kirkersville Road<br>Baltimore, OH 43105<br><br>      And<br><br>Groveport Ace Hardware<br>726 Main Street<br>Groveport, OH 43125 | CASE NO.<br><br>JUDGE<br><br>**PLAINTIFF'S CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>(Jury Demand Endorse Herein) |

|  |  |
|---|---|
| And | ) |
|  | ) |
|  | ) |
| Heath Ace Hardware | ) |
| 775 S. 30th Street | ) |
| Heath, OH  43056 | ) |
|  | ) |
| And | ) |
|  | ) |
| Richard E. Foreman | ) |
| 705 North Walnut Street | ) |
| Baltimore, OH  43105 | ) |
|  | ) |
| And | ) |
|  | ) |
| Robin L. Hayes | ) |
| 705 North Walnut Street | ) |
| Baltimore, OH  43105 | ) |
|  | ) |
| Defendants. | |

Plaintiff Devon R. Miller, by and through counsel, for his Class and Collective Action Complaint against Defendants Baltimore Builders Supply & Millwork, Inc., Hometown Hardwares, Inc., Ashville Ace Hardware, Baltimore Ace Hardware, Groveport Ace Hardware, Heath Ace Hardware, Richard E. Foreman, and Robin L. Hayes (hereinafter collectively referred to as "Defendants"), state and allege the following:

## INTRODUCTION

1. Plaintiff brings this case to challenge the policies and practices of Defendants Baltimore Builders Supply & Millwork, Inc., Hometown Hardwares, Inc., Ashville Ace Hardware, Baltimore Ace Hardware, Groveport Ace Hardware, Heath Ace Hardware, Richard E. Foreman, and Robin L. Hayes that violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as the statutes of the State of Ohio. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover

the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of [] themselves and other employees similarly situated" (the "FLSA Collective").  Plaintiff also brings this case as a class action under Fed. R. Civ. 23 on behalf of himself and other members of a class of persons who assert factually-related claims under the wage-and-hour statutes of the State of Ohio (the "Ohio Class")

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. This Court has supplemental jurisdiction over Plaintiff's claims under the statutes of the State of Ohio because those claims are so related to the FLSA claims as to form part of the same case or controversy.

4. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because one or more Defendant resides in this district and division and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## PARTIES

5. At all times relevant, Plaintiff Devon R. Mill was a citizen of the United States and resident of Fayette County, Ohio.

6. Defendant Baltimore Builders Supply & Millwork, Inc. is an Ohio corporation with its principal place of business in the Village of Baltimore, Fairfield County, Ohio. According to records maintained by the Ohio Secretary of State, Defendant Baltimore Builders Supply & Millwork, Inc.'s statutory agent for service of process is Ohio Valley Agent Corp., 144 East Main Street, Lancaster, OH 43130.

7. Defendant Hometown Hardwares, Inc. is an Ohio corporation with its principal place of business in the Village of Baltimore, Fairfield County, Ohio.  According to records maintained by the Ohio Secretary of State, Defendant Hometown Hardwares, Inc.'s statutory agent for service of process is Ohio Valley Agent Corp., 144 East Main Street, Lancaster, OH 43130.

8. Defendant Baltimore Builders Supply & Millwork, Inc. operates several Ace Hardware franchises and conducts business under the trade names of Baltimore Ace Home Center, Groveport Ace Hardware, and Ashville Ace Hardware.  The Baltimore Ace Home Center is located at 8865 Lancaster-Kirkersville Road, Baltimore, OH  43105.  The Groveport Ace Hardware store is located at 726 Main Street, Groveport, OH  43125.  The Ashville Ace Hardware store is located at 2943 St. Rte. 752, Ste. A, Ashville, OH 43103.

9. Defendant Hometown Hardwares, Inc. operates an Ace Hardware store franchise and conducts business under the trade name of Heath Ace Hardware.  Heath Ace Hardware store is located at 775 S. 30th Street, Heath, OH  43056.

10. Defendants Richard E. Foreman and Robin L. Hayes are listed as the owners of Heath Ace Hardware on the store's website: www.acehardware.com/store-details/17472.

11. Defendants Richard E. Foreman and Robin L. Hayes are listed as the owners of the Ashville Ace Hardware on the store's website: www.acehardware.com/store-details/15387.

12. Defendants Richard E. Foreman and Robin L. Hayes are listed as the owners of the Groveport Ace Hardware on the store's website: www.acehardware.com/store-details/16025.

13. Defendants Richard E. Foreman and Robin L. Hayes are listed as the owners of the Baltimore Ace Hardware on the store's website: www.acehardware.com/store-details/14448.

14. Defendants Richard E. Foreman and Robin L. Hayes are the owners of Baltimore Builders Supply & Millwork, Inc.

15. Defendants Richard E. Foremen and Robin L. Hayes are the owners of Hometown Hardwares, Inc.

## FACTUAL ALLEGATIONS

### Defendants' Business

16. Defendants operate four Ace Hardware store franchises located in Fairfield, Franklin, Licking, and Pickaway counties, Ohio. The four Ace Hardware franchise stores are known as Ashville Ace Hardware, Baltimore Ace Home Center, Groveport Ace Hardware, and Heath Ace Hardware.

### Defendants' Statuses as Employers

17. At all times relevant, Defendants were employers within the meaning of the FLSA, 29 U.S.C. § 203(d), and employed hourly employees, including Plaintiff.

18. At all times relevant, Defendants were an enterprise within the meaning of 29 U.S.C. § 203(r).

19. Defendant Richard E. Foreman is an employer pursuant to 29 U.S.C. § 203(d) in that he is a "person [who] act[ed] directly or indirectly in the interest of an employer," Baltimore Builders Supply & Millwork, Inc. and/or Hometown Hardwares, Inc., "in relation to employees," including Plaintiff. Defendant Richard E. Foreman is also an employer pursuant to O.R.C. Chapter 4111 and had operational control over significant aspects of Baltimore Builders Supply & Millwork, Inc.'s and/or Hometown Hardwares, Inc.'s day-to-day functions, including the compensation of employees.

20. Defendant Robin L. Hayes is an employer pursuant to 29 U.S.C. § 203(d) in that she is a "person [who] act[ed] directly or indirectly in the interest of an employer," Baltimore Builders Supply & Millwork, Inc. and/or Hometown Hardware, Inc., "in relation to employees," including Plaintiff. Defendant Robin L. Hayes is also an employer pursuant to O.R.C. Chapter 4111 and had operational control over significant aspects of Baltimore Builders Supply & Millwork, Inc.'s and/or Hometown Hardwares, Inc.'s day-to-day functions, including the compensation of employees.

21. At all times relevant, Defendants were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

22. Defendants operate and control an enterprise engaged in commerce, with annual gross volume of business exceeding $500,000.00.

**Plaintiffs' and the FLSA Collective's Non-Exempt**
**Employment Statuses with Defendants**

23. Plaintiff Devon R. Miller was employed by Defendants from approximately May 7, 2018 to July 2021 as a clerk/cashier.

24. At all times relevant, Plaintiff and the FLSA Collective were employees within the meaning of 29 U.S.C. § 203(e) and O.R.C. §§ 4111.01, *et seq*.

25. At all times relevant, Plaintiff and the FLSA Collective were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 207.

**Defendants' Failure to Pay Overtime Compensation**

26. During their employment with Defendants, Plaintiff and the FLSA Collective were required to work substantial amounts of overtime.

27. Plaintiff regularly worked more than 40 hours each workweek. For example, during the one week pay period September 2, 2019 to September 8, 2019, Plaintiff worked 51

6

hours; during the one week pay period November 4, 2019 to November 10, 2019, Plaintiff worked 47.75 hours; during the one week pay period December 21, 2020 to December 27, 2020, Plaintiff worked 49.5 hours; during the one week pay period March 1, 2021 to March 7, 2021, Plaintiff worked 49 hours; and during the one week pay period May 3, 2021 to May 9, 2021, Plaintiff worked 47 hours.

28. However, instead of compensating Plaintiff and the FLSA Collective at one and one-half times their regular hourly rates for hours more than forty (40) hours per workweek, Defendants paid Plaintiff and the FLSA Collective their regular, straight time hourly rates for all hours worked. For example, during the one week pay period September 2, 2019 to September 8, 2019, Plaintiff worked 51 hours and was paid $11 per hour for a total gross pay of $561.00; during the one week pay period November 4, 2019 to November 10, 2019, Plaintiff worked 47.75 hours and was paid $11 per hour for a total gross pay of $525.25; during the one week pay period December 21, 2020 to December 27, 2020, Plaintiff worked 49.5 hours and was paid $14 per hour for a total gross pay of $693.00; during the one week pay period March 1, 2021 to March 7, 2021, Plaintiff worked 49 hours and was paid $14 per hour for a total gross pay of $686.00; and during the one week pay period May 3, 2021 to May 9, 2021, Plaintiff worked 47 hours and was paid $14 per hour for a total gross pay of $658.00.

29. Defendants' failure to compensate Plaintiffs and the FLSA Collective for hours worked more than forty (40) hours per week at "one and one-half times" the employees' "regular rate[s]" of pay violates the FLSA, 29 U.S.C. § 207 and corresponding Ohio law.

### The Willfulness of Defendants' Violations

30. Defendants knew that Plaintiffs and the FLSA Collective were entitled to overtime compensation pay under federal and state law or acted in reckless disregard for whether they were so entitled.

31. Defendants intentionally and willfully circumvented the requirements of the FLSA and Ohio law.

### COLLECTIVE ACTION ALLEGATIONS

32. Plaintiffs incorporate by reference the foregoing allegations in paragraphs 1 through 31 as if fully rewritten herein.

33. Plaintiffs bring this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of … themselves and other employees similarly situated."

34. The FLSA Collective consists of:

> All present and former non-exempt employees of Defendants during the period of three years preceding the commencement of this action to the present.

35. Such persons are "similarly situated" with respect to Defendants' FLSA violations in that all were non-exempt employees of Defendants, all were subjected to and injured by Defendants' unlawful practice of failing to pay overtime compensation for all hours worked in excess of forty per workweek, and all have the same claims against Defendants for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

36. Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

37. Plaintiff cannot yet state the exact number of similarly-situated persons but aver, upon information and belief, that they consist of approximately 40 persons. Such persons are readily identifiable through the payroll records Defendants have maintained, and were required to maintain, pursuant to the FLSA and Ohio law.

## CLASS ACTION ALLEGATIONS

38. Plaintiff incorporates paragraphs 1 through 37 as if fully rewritten herein.

39. Plaintiff also bring this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and other members of a class of persons who assert claims under the laws of the State of Ohio (the "Ohio Class"), defined as:

> All present and former non-exempt employees of Defendants during the two years preceding the commencement of this action.

40. The Ohio Class is so numerous that joinder of all class members is impracticable.  Plaintiff is unable to state at this time the exact size of the potential class but, upon information and belief, avers that it consists of at least 40 individuals.  The identities of class members are known to Defendants and are easily identifiable through the payroll records Defendants were required to maintain pursuant to the FLSA and Ohio law. 29 U.S.C. §211(c) & 29 C.F.R. §215.2; Ohio Const. art. II, §34a.

41. The questions of law or fact common to the Ohio Class, include, but are not limited to whether Defendants failed to pay overtime to Plaintiff and other class members at one and one-half times their "regular rate" of compensation.

42. Plaintiff's claims are typical of the claims of other members of the Ohio Class.  Plaintiff's claims arise out of the same uniform course of conduct by Defendants and are based on the same legal theories, as the claims of other class members.

43. Plaintiff will fairly and adequately protect the interests of the Ohio Class. Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other class members. Plaintiff's counsel have broad experience in handling wage-and-hour class litigation, including class action litigation, and are fully qualified to prosecute the claims of the Ohio Class in this case.

44. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions affecting only individual members that will determine Defendants' liability to the class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

45. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE

### (FLSA Overtime Violations)

46. Plaintiffs incorporate by reference the foregoing allegations in paragraphs 1 through 45 as if fully rewritten herein.

47. Plaintiffs bring this claim for violation of the FLSA's overtime provisions.

48. The FLSA requires that "non-exempt" employees receive overtime compensation of "not less than one and one-half times" the employees' "regular rate" of pay. 29 U.S.C. § 207(a)(1).

49. Plaintiffs and the FLSA Collective should have been paid overtime wages in the amount of 150% of their "regular rate" for all hours worked in excess of forty (40) hours per workweek.

50. Defendants did not pay overtime compensation to Plaintiffs and the FLSA Collective at the rate of one and one-half times their regular rate for all of their overtime hours.

51. By engaging in these practices, Defendants willfully violated the FLSA and regulations thereunder that have the force of law.

52. As a result of Defendants' violations, Plaintiffs and the FLSA Collective were injured in that they did not receive wages due to them pursuant to the FLSA. 29 U.S.C. § 216(b) entitles Plaintiffs and the FLSA Collective to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## COUNT TWO
**(Ohio Overtime Violations)**

53. Plaintiffs incorporate by reference the foregoing allegations in paragraphs 1 through 52 as if fully rewritten herein.

54. Plaintiffs bring this claim for violation of the Ohio overtime compensation statute, O.R.C. § 4111.03.

55. At all times relevant, Defendants were employers covered by the Ohio overtime compensation statute, O.R.C. § 4111.03.

56. Defendants' failure to compensate overtime hours and Defendants' failure to pay employees for all hours worked violated the Ohio overtime compensation requirements set forth in O.R.C. § 4111.03.

57. These violations of Ohio law injured Plaintiffs and the FLSA Collective in that they did not receive wages due to them pursuant to Ohio law.

58. Having injured Plaintiffs and the FLSA Collective, Defendants are "liable to the employee[s] affected for the full amount of the overtime wage rate, less any amount actually paid to the employee[s]" under Ohio law." O.R.C. § 4111.10.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Honorable Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B. Certify this case as a class action pursuant to Fed. R. Civ. 23 on behalf of Plaintiff and other members of the "Ohio Class;"

C. Enter judgment against Defendants, jointly and severally, and in favor of Plaintiff and the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b);

D. Enter judgment against Defendants, jointly and severally, and is favor of Plaintiff and the other members of the "Ohio Class;"

E. Award compensatory damages to Plaintiffs and the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b) in the amount of their unpaid wages, as well as liquidated damages in an equal amount; and

F. Award Plaintiffs compensatory and punitive damages, their costs and attorneys' fees incurred in prosecuting this action, and such further relief as the Court deems equitable and just.

          *s/Joseph F. Scott*
          Joseph F. Scott (0029780)
          Ryan A. Winters (0086917)
          Kevin M. McDermott II (0090455)
          SCOTT & WINTERS LAW FIRM, LLC
          The Caxton Building
          812 E. Huron Rd. E., Suite 490
          Cleveland, OH 44115
          P: (216) 912-2221   F: (216) 350-6313
          jscott@ohiowagelawyers.com
          rwinters@ohiowagelawyers.com
          kmcdermott@ohiowagelawyers.com

## **JURY DEMAND**

Plaintiffs hereby demand a trial by jury on all issues so triable.

          *s/Joseph F. Scott*
          Joseph F. Scott (0029780)