UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DEVON R. MILLER, | ) | CIVIL ACTION NO. 2:21-CV-4867 |
| *On behalf of himself and all others similarly situated,* | ) ) ) | JUDGE EDMUND A. SARGUS, JR. |
| Plaintiff, | ) ) ) | MAGISTRATE JUDGE ELIZABETH P. DEAVERS |
| *v.* | ) ) | |
| BALTIMORE BUILDERS SUPPLY & MILLWORK, INC., *et al.,* | ) ) ) | |
| Defendants. | ) ) | |

## JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Plaintiff Devon R. Miller and Defendants Baltimore Builders Supply & Millwork, Inc., Hometown Hardware, Inc., Richard E. Foreman, and Robin L. Hayes (hereinafter also referred to collectively as "Defendants") respectfully and jointly move the Court to (1) preliminarily approve the proposed settlement of Settlement Class Members' claims pursuant to Fed. R. Civ. P. 23(e), (2) approve a proposed notice to potential Settlement Class Members; (3) appoint SCOTT & WINTERS LAW FIRM as interim Class Counsel; and (4) schedule a Fairness Hearing. A Proposed Order Granting Preliminary Approval of Settlement is attached as Exhibit C. The Parties' Memorandum in Support of this motion is attached.

Respectfully Submitted,

*s/ Ryan A. Winters*         
Joseph F. Scott (0029780) (Trial Counsel)
Ryan A. Winters (0086917)
**SCOTT & WINTERS LAW FIRM, LLC**
P: (216) 912-2221    F: (440) 846-1625
50 Public Square, Suite 1900
Cleveland, OH 44113
jscott@ohiowagelawyers.com
rwinters@ohiowagelawyers.com


Kevin M. McDermott II (0090455)
**SCOTT & WINTERS LAW FIRM, LLC**
P: (216) 912-2221    F: (440) 846-1625
11925 Pearl Rd., Suite 310
Strongsville, Ohio 44136
kmcdermott@ohiowagelawyers.com

*Attorneys for Plaintiff and*
*Proposed Interim Class Counsel*

*s/ Morris L. Hawk*    *(via email consent)*  
Morris L. Hawk (0065495) (Trial Counsel)
mhawk@ralaw.com
**ROETZEL & ANDRESS, LPA**
1375 East Ninth Street
One Cleveland Center, 10th Floor
Cleveland, OH 44114
(T) 216.623.0150 (F) 216.623.0134

*Attorney for Defendants*

## TABLE OF CONTENTS

Table of Authorities ............................................................................................... v

Memorandum in Support ........................................................................................ 1

I.    Introduction ................................................................................................... 1

II.   The Litigation ................................................................................................ 3

     A.    The Claims and Issues ........................................................................ 3

     B.    Conditional Class Certification........................................................... 3

     C.    Investigation, Discovery, Document Analysis, and Research .............. 4

     D.    Settlement Negotiations ...................................................................... 5

III.  The Terms of the Settlement And Release of Claims ....................................... 5

     A.    The Scope of Settlement ..................................................................... 5

     B.    The Proposed Settlement Payments and Distributions ......................... 6

IV.  The Propriety of Approval .............................................................................. 7

     A.    The Proposed Settlement Qualifies for Court Approval under the FLSA, 29 U.S.C. § 216(b) ............................................................. 7

As to Plaintiff Devon R. Miller, this settlement qualifies for Court approval under the FLSA, 29 U.S.C. § 216(b). This FLSA settlement is "fair, reasonable and adequate" for purposes of the FLSA, 29 U.S.C. 216(b), and meets the seven factors this Court has utilized to evaluate whether the proposed settlement should be approved. 29 U.S.C. § 216(b); *Yorba v. Barrington School, LLC*, S.D.Ohio No. 2:21-cv-691, 2022 U.S. Dist. LEXIS 118230 (July 5, 2022).

     B.    The Proposed Settlement Qualifies for Preliminary Approval under Rule 23 ..... 10

As to the Settlement Class, the preliminary approval and class certification requirements contained in Fed. R. Civ. P. 23 are satisfied in this matter where the parties have demonstrated that, at the post-notice final approval stage, the Court "will likely be able to" (i) give final approval of the settlement under the criteria described in Rule 23(e)(2), and (ii) certify the settlement class. *See* Fed. R. Civ. P. 23(e)(1)(B)(i)-(ii). In addition, the parties have demonstrated that the proposed notice form and protocols constitute "the best notice that is practicable" under the criteria described in Rule 23(c)(2)(B), and SCOTT & WINTERS LAW FIRM is qualified to be appointed interim Class Counsel. Fed. R. Civ. P. 23; *Glazer v. Whirlpool Corp.,* 678 F.3d 409 (6th Cir.2012); *Young v. Nationwide Mut. Ins. Co.,* 693 F.3d 532 (6th Cir. 2012); *Fegley v. Higgins*, 19 F.3d 1126 (6th Cir. 1994); *Rawlings v. Prudential-Bache Properties,* 9 F.3d 513 (6th Cir.1993).

1.      Approval of the Proposal Under Civil Rule 23(e)(2)................................. 12

      a.      Adequacy of Representation by Class Counsel and Class Representatives – Rule 23(e)(2)(A) ................................................. 12

      b.      Arm's Length Negotiation – Rule 23(e)(2)(B) ............................. 13

      c.      The Relief is Adequate, Taking into Account the Costs, Risks, and Delay of Trial and Appeal – Rule 23(e)(2)(C)(i) .......................... 14

      d.      The Relief is Adequate, Taking into Account the Effectiveness of the Proposed Method of Distribution – Rule 23(e)(2)(C)(ii)........ 14

      e.      The Relief is Adequate, Taking into Account the Terms of the Proposed Award of Attorney's Fees – Rule 23(e)(2)(C)(iii) ........ 15

      f.      The Relief is Adequate, Taking into Account Agreements Required to be Identified under Rule 23(e)(3) – Rule 23(e)(2)(C)(iv) .............................................................................. 19

      g.      The Settlement Treats Class Members Equitably Relative to Each Other – Rule 23(e)(2)(D) ............................................................. 19

2.      Approval of the Proposal under Civil Rule 23(e)(1)(B)(ii) ..................... 20

C.      The Proposed Notice Should Be Approved – Rule 23(c)(2)(B) .......................... 24

D.      The Court Should Appoint SCOTT & WINTERS LAW FIRM as Interim Class Counsel. ....................................................................................................... 25

V.      Conclusion ............................................................................................................. 26

Certificate of Service ....................................................................................................... 27

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Afro American Patrolmen's League v. Duck*, 503 F.2d 294 (6th Cir. 1974) ............................... 20

*Amchem Prods. v. Windsor*, 521 U.S. 591, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997) ................ 23

*Arledge v. Domino's Pizza, Inc*., 2018 U.S. Dist. LEXIS 179474 (N.D. Ohio Oct. 17, 2018) ....................................................................................................................... 18

*Arlington Video Prods. v. Fifth Third Bancorp,* 515 F.App'x 426 (6th Cir.2013) ...................... 21

*Barnes v. Winking Lizard, Inc.,* No. 1:18CV952, 2019 U.S. Dist. LEXIS 65657  (N.D. Ohio Mar. 26, 2019) ............................................................................................... 17

*Blasi v. United Debt Servs., LLC*, S.D.Ohio No. 2:14-cv-83, 2019 U.S. Dist. LEXIS 198201 (Nov. 15, 2019) ................................................................................... 22

*Blum v. Stenson*, 465 U.S. 886 (1984) ....................................................................................... 16

*Brittmon v. Upreach LLC*, S.D.Ohio No. 2:17-cv-219, 2018 U.S. Dist. LEXIS 224730 (Nov. 8, 2018) ................................................................................................... 17

*Busby v. Bonner,* W.D.Tenn. No. 2:20-cv-2359-SHL-atc, 2021 U.S. Dist. LEXIS 173421 (Jan. 28, 2021) ................................................................................................... 11

*Carr v. Guardian Healthcare Holdings, Inc.,* No. 2:20-cv-6292, 2022 U.S. Dist. LEXIS 32094 (S.D. Ohio Jan. 19, 2022) ......................................................................... 17, 18

*Castillo v. Morales, Inc.*, 302 F.R.D. 480 (S.D. Ohio 2014) ...................................................... 20

*Connectivity Sys. Inc. v. Nat'l City Bank,* No. 2:08–CV–1119, 2011 WL 292008 (S.D.Ohio Jan.26, 2011) ................................................................................................. 16

*Crawford v. Lexington-Fayette Urban Cty. Govt.,* E.D.Ky. No. 06-299-JBC, 2008 U.S. Dist. LEXIS 90070 (Oct. 23, 2008) ................................................................................. 8

*Dillworth v. Case Farms Processing, Inc.,* N.D.Ohio No. 5:08-cv-1694, 2010 U.S. Dist. LEXIS 20446 (Mar. 8, 2010) ................................................................................ passim

*Dorsey v. Aviva Metals, Inc.,* No. 1:20-cv-02014, 2022 U.S. Dist. LEXIS 176562 (N.D. Ohio Sep. 28, 2022) ............................................................................................... 20

*Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974) ................ 24

*Fegley v. Higgins,* 19 F.3d 1126 (6th Cir. 1994) ........................................................................ 16

*Fitzgerald v. P.L. Marketing,* W.D.Tenn. No. 2:17-cv-02251-SHM-cgc, 2020 U.S. Dist.

LEXIS 117220 (July 2, 2020) ........................................................................ 11

*Gentrup v. Renovo Servs., LLC,* S.D.Ohio No. 1:07CV430, 2011 U.S. Dist. LEXIS 67887 (June 24, 2011)................................................................................ 8

*Glazer v. Whirlpool Corp*., 678 F.3d 409 (6th Cir.2012) ..................................... 10, 20

*Granada Invs., Inc. v. DWG Corp.,* 962 F.2d 1203 (6th Cir.1992) ............................ 8

*Hainey v. Parrott*, 617 F. Supp. 2d 668 (S.D. Ohio 2007) ..................................... 9

*Herrera v. Wells Fargo Bank, N.A.,* C.D.Cal. No. SACV 18-332JVS (MRWx), 2021 U.S. Dist. LEXIS 170195 (June 8, 2021).................................................... 11

*In re Am. Med. Sys., Inc*., 75 F.3d 1069 (6th Cir. 1996)..................................... 12, 21

*In re Broadwing, Inc. ERISA Litig.*, 252 F.R.D. 369 (S.D. Ohio 2006) ........................ 9

*In re MyFord Touch Consumer Litig*., 2019 U.S. Dist. LEXIS 53356 (N.D. Cal. Mar. 29, 2019) ............................................................................................. 11

*Jackson v. Papa John's,* Case No. 1:08CV2791, 2008 U.S. Dist. LEXIS 107650 (N.D.Ohio 2008) ........................................................................... 17

*Kritzer v. Safelite Solutions, LLC,* No. 2:10-cv-729, 2012 U.S. Dist. LEXIS 74994 (S.D. Ohio May 30, 2012) ................................................................... 8, 9

*Landsberg v. Acton Ents., Inc*., 2008 WL 2468868 (S.D. Ohio June 16, 2008)........................... 7

*Lonardo v. Travelers Indemnity Co*., 706 F. Supp. 2d 766 (N.D.Ohio 2010) ...................... 10, 16

*Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982).................................. 7

*Macaluso v. Zirtual Startups, LLC,* S.D.Ohio No. 2:19-CV-3616, 2021 U.S. Dist. LEXIS 154243 (Aug. 17, 2021) ................................................................ 17

*McGhee v. Allied Waste Indus.,* Case No. 1:07CV1110 (N.D.Ohio 2007) ................................. 17

*Noll v. Flowers Foods Inc.,* No. 1:15-cv-00493-LEW, 2022 U.S. Dist. LEXIS 75349 (D. Me. Apr. 26, 2022).......................................................................... 11

*Padovano v. FedEx Ground Package Systems*, 2019 U.S. Dist. LEXIS 107092 (W.D.N.Y. June 10, 2019) ................................................................... 11

*Pierce v. Diversified Health Mgmt*., No. 2:21-cv-02624, 2021 U.S. Dist. LEXIS 184536 (S.D. Ohio Sep. 27, 2021)................................................................. 18

*Rawlings v. Prudential-Bache Properties*, 9 F.3d 513 (6th Cir.1993) .................................. 16, 17

*Redington v. Goodyear Tire & Rubber Co.,* 2008 U.S. Dist. LEXIS 64639, 2008 WL
 3981461 (N.D. Ohio Aug. 23, 2008) ............................................................. 8

*Reed v. Rhodes*, 179 F.3d 453 (6th Cir. 2008) ............................................................ 16

*Rudi v. Wexner*, S.D.Ohio No. 2:20-cv-3068, 2022 U.S. Dist. LEXIS 98299 (May 16,
 2022) ............................................................................................................... 18

*Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S. Ct. 925, 90 L. Ed. 1114 (1946) ................. 8

*Sharier v. Top of the Viaduct, LLC*, N.D.Ohio No. 5:16-cv-343, 2017 U.S. Dist. LEXIS
 35584 (Mar. 13, 2017); ...................................................................................... 9

*Shaw v. Toshiba America Information Systems, Inc.*, 91 F. Supp. 2d 942 (E.D. Tex. 2000) ....... 17

*Snelling v. ATC Healthcare Servs. Inc.,* No. 2:11-CV-00983, 2012 U.S. Dist. LEXIS
 172052, 2012 WL 6042839 (S.D. Ohio Dec. 4, 2012) ..................................... 20

*Steigerwald v. BHH, LLC*, 2016 U.S. Dist. LEXIS 21116 (N.D.Ohio Feb. 22, 2016) ................ 20

*Swigart v. Fifth Third Bank*, S.D.Ohio No. 1:11-cv-88, 2014 U.S. Dist. LEXIS 94450
 (July 11, 2014) ................................................................................................ 16

*Swinton v. SquareTrade, Inc*., 2019 U.S. Dist. LEXIS 25458 (S.D. Iowa Feb. 14, 2019) .......... 11

*Tedrow v. Cowles,* S.D.Ohio No. 2:06-cv-637, 2007 U.S. Dist. LEXIS 67391 (Sep. 12,
 2007) ............................................................................................................... 22

*UAW v. General Motors Corp.,* 497 F.3d 615 (6th Cir. 2007) ....................................... 8

*United Slate, Tile & Composition Roofers, Damp and Waterproof Workers Ass'n, Local
 307 v. G & M Roofing and Sheet Metal Co.,* 732 F.2d 495 (6th Cir.1984) ..................... 16

*Wright v. Premier Courier, Inc.,* No. 2:16-cv-420, 2018 U.S. Dist. LEXIS 140019 (S.D.
 Ohio Aug. 17, 2018) ................................................................................. 17, 18

*Yorba v. Barrington School, LLC*, S.D.Ohio No. 2:21-cv-691, 2022 U.S. Dist. LEXIS
 118230 (July 5, 2022) ............................................................................... passim

*Young v. Nationwide Mut. Ins. Co*., 693 F.3d 532 (6th Cir. 2012) ................................. 12, 21, 23

*Zego v. Meridian-Henderson*, S.D.Ohio No. 2:15-CV-3098, 2016 U.S. Dist. LEXIS
 132320 (Sep. 27, 2016) ...................................................................................... 8

*Zehentbauer Fam. Land LP v. Chesapeake Expl., L.L.C.,* No. 4:15-cv-2449, 2018 U.S.
 Dist. LEXIS 121728, 2018 WL 3496089 (N.D. Ohio July 20, 2018) ............................ 20

**Statutes**

29 U.S.C. § 207 ........................................................................................................... 3

29 U.S.C. § 216(b) ............................................................................................. passim

O.R.C. § 4111.03 ................................................................................................... 1, 3

O.R.C. § 4111.10 ................................................................................................. 3, 15

**Other Authorities**

Frederick C. Dunbar, Todd S. Foster, Vinita M. Juenja, Denise N. Martin, Recent Trends
    III: What Explains Settlements in Shareholder Class Actions? (National
    Economic Research Assocs. (NERA) June 1995) ................................................ 13, 16, 18

Manual for Complex Litigation § 21.312 ............................................................. 2, 24

**Rules**

Fed. R. Civ. P. 23 ................................................................................................. passim

<u>**MEMORANDUM IN SUPPORT**</u>

## I.    INTRODUCTION

The *Class Action Settlement Agreement* ("Settlement" or "Settlement Agreement"),

attached to this Motion as Exhibit A, calls for an opt-out Settlement pursuant to Fed. R. Civ. P.

23 for allegations pertaining to overtime wage law claims. The Settlement will apply to Named

Plaintiff Devon R. Miller and to all other members of the proposed Settlement Class (also

referred to as "Class Members"). The class definition reads as follows:

> All individuals listed in the Preliminary Class Member List and Allocation
> Schedule attached as Exhibit E, which includes all present and former hourly non-
> exempt employees of Defendants during the period of September 30, 2019 to
> November 19, 2021 who worked overtime hours during one or more workweeks
> and who were not paid overtime compensation at one and one-half times the
> employee's regular rate of pay for all hours worked in excess of forty (40) hours
> per workweek.[1]

(*See* Settlement Agreement, Ex. A at 2-3.)

The Settlement resolves a *bona fide* dispute involving overtime compensation under the

overtime provisions of Ohio wage-and-hour law, O.R.C. § 4111.03. Plaintiff alleges that he and

other non-exempt hourly employees of Defendants are owed unpaid overtime compensation.

(*See* ECF #1, Compl. at ¶¶ 26-31.) Defendants denied Plaintiff's claims and asserted affirmative

defenses. (*See* ECF #10, Defs.' Answer to Compl.)

Class Members will receive notice of the settlement reached in this matter containing,

among other pertinent information, the nature of the action; the definition of the class certified

for settlement purposes; a summary of the claims, issues, and defenses; information regarding

---

[1]  This Settlement specifically does not apply to or include Lindsay Saunders, who previously
agreed to settlement terms (including, as represented by Defendants, any claim that she has for
unpaid overtime) with Defendants and is represented by Shannon Draher of NILGES DRAHER
LLC (7034 Braucher St. NW Suite B, North Canton, OH 44720).

attorney's fees; notice that Class Members may enter an appearance through an attorney if they so desire; notice to Class Members that the court will exclude from the class any member who requests exclusion; identification of the time and manner for requesting exclusion; and an explanation of the binding effect of a class judgment on members under Rule 23(c)(3). (*See* Ex. B, Proposed Notice.) Furthermore, Class Members will receive a tailored notice that provides for each recipient class member their projected individual settlement payment amount (*see* Manual for Complex Litigation § 21.312, noting that a class notice should provide information that will enable the Class Members to calculate individual recoveries), and prominently displays the address and telephone number of Class Counsel and the Administrator and the procedure for making inquiries. (*Id.*) Each Class Member will receive notice so that all Class Members will be given the choice to participate or not to participate, including the right to preserve any individual claims or rights they may have against Defendants. (*Id.*).

The case was hotly contested and settlement was achieved only through difficult negotiations, data production and comprehensive analysis of relevant records, leading to a precise calculation of the alleged overtime wages owed to affected individuals. The Settlement is fair, reasonable, and adequate and satisfies the criteria for approval under the FLSA, 29 U.S.C. § 216(b), and Rule 23(e). If approved by the Court, the Settlement will provide individual settlement payments to Class Members representing a substantial percentage of their claimed damages.

The following settlement documents and proposed order are submitted for approval or entry by the Court:

Exhibit A:          Class Action Settlement Agreement ("Settlement Agreement");

Exhibit B:          Proposed Notice of Class Action Settlement;

Exhibit C:                  Proposed Order Granting Preliminary Approval of Settlement ("Preliminary Approval Order," providing for notice and hearing);

Exhibit D:                  Declaration of Proposed Interim Class Counsel; and

Exhibit E:                  Preliminary Class Member List and Allocation Schedule.

The sections below explain the litigation, the negotiations, the Settlement terms, the proposed settlement payments and distributions, and the propriety of approval.

## II.    THE LITIGATION

### A.    The Claims and Issues

Plaintiff Devon R. Miller commenced this action on September 30, 2021 against Baltimore Builders Supply & Millwork, Inc., Hometown Hardware, Inc., Richard E. Foreman, and Robin L. Hayes, seeking all available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.,* and the Ohio Minimum Fair Wage Standards Act, Ohio Rev. Code Ann. §§ 4111.01, *et seq.* (Compl., ECF #1.) Plaintiff's Complaint alleged that he and other similarly situated employees were willfully paid their regular, straight time hourly rates for all hours worked, including overtime hours that should have been paid at "one and one-half times" the employees' "regular rate[s]" in violation of federal and state law, and are owed liquidated damages, attorneys' fees, and costs pursuant to the FLSA, 29 U.S.C. § 207, and Ohio Revised Code §§ 4111.03, 4111.10. (*Id.* at ¶¶ 26-31, 46-58.) Defendants denied Plaintiff's claims and asserted affirmative defenses. (*See generally* ECF #10, Defs.' Answer to Compl.)

### B.    Conditional Class Certification

The Court granted the Parties' Joint Stipulation for Conditional Certification and Notice (*see* ECF ##14, 14-1) on December 31, 2021. (ECF #15.) Notice was mailed to putative class members, and the opt-in period ended forty-five (45) days after the date the Notice and Consent

Form were mailed. (*See* ECF ##14, 14-1.)

###### C. Investigation, Discovery, Document Analysis, and Research

Discovery included written discovery, and, ultimately, Defendants provided responses to *Plaintiff's Omnibus First Set of Discovery Requests to Defendants*, produced approximately 1,900 pages of PDF documents, and produced Microsoft Excel compatible spreadsheets containing payroll data comprised of approximately 168,000 data points, which permitted a precise calculation of the alleged unpaid overtime wages for Plaintiff and all Class Members based off 100% of Plaintiff's and all Class Members' payroll records during the relevant period.

As above, the Parties engaged in comprehensive discovery of the relevant wage and hour records, and a comprehensive analysis regarding the Plaintiff's claims and the Defendants' defenses to these claims. Class Counsel also conducted extensive investigations into the facts before and during the prosecution of the Action. This discovery and investigation has included, among other things, (a) multiple meetings and conferences with the Court, Plaintiff, and Defendants' Counsel; (b) inspection and analysis of a statistically significant percentage – 100% – of the class-wide payroll documents produced by the Defendants including analysis of wage-and-hour information and other data and documents and development of a data analysis and methodology comprising of over 168,000 data points from the records produced by Defendants; (c) analysis of the legal positions taken by Defendants; (d) investigation into the viability of class treatment and collective action treatment; (e) analysis of potential class-wide damages; and (f) research of the applicable law with respect to the claims and potential defenses thereto.

Plaintiff and Class Counsel have vigorously prosecuted this case, and Defendants have vigorously contested it. The Parties have engaged in sufficient investigation and discovery to assess the relative merits of the claims and of Defendants' defenses to these claims.

4

### D. Settlement Negotiations

Settlement negotiations were arduous and contentious. In advance of the arm's length negotiations, Plaintiff provided an itemization of damages and settlement demand and Defendants provided a response to the demand. Negotiations occurred over an approximate 30-day period, and included comprehensive discussions about the data produced by Defendants, including a back-and-forth discussion about discretionary COVID-10-related bonuses Defendant paid to employees in approximately December 2020, as well as revisions of the analysis and methodology leading to the calculations of exact amounts of class-wide damages (by class member) that would be presented at trial. Ultimately, each side shared damages computations with the opposing party, which ultimately led to a settlement of the action. Subsequent to the negotiations, the Parties drafted and filed a notice of settlement (ECF #24), and subsequently drafted and further negotiated formal settlement documents for filing with the Court, including the Class Action Settlement Agreement (Ex. A), proposed Notice of Class Action Settlement (Ex. B), and the Preliminary Class Member List and Allocation Schedule (Ex. E).

## III. THE TERMS OF THE SETTLEMENT AND RELEASE OF CLAIMS

### A. The Scope of Settlement

If approved by the Court, the proposed Settlement will resolve disputed claims between the Parties. The Settlement will resolve Ohio wage-and-hour claims of the Named Plaintiff and all other members of the proposed Settlement Class pursuant to Fed. R. Civ. P. 23(e). The Settlement will also resolve federal wage-and-hour claims of the Named Plaintiff under the FLSA, 29 U.S.C. § 216(b). As highlighted below, Class Counsel and Defense Counsel believe that Settlement is appropriate because the released claims are being compromised without need to establish the elements of those claims on which liability turns, in addition to providing a

substantial recovery to Class Members in light of the procedural and substantive encumbrances underscored by Defendants. Named Plaintiff and Class Counsel believe the claims asserted in the matter have merit and that the evidence developed to-date supports the claims asserted. Plaintiff and Class Counsel, however, also recognize the risk and expense of trying and, if necessary, appealing this action, and believe that the Settlement confers substantial benefits upon the Class Members.

B.    **The Proposed Settlement Payments and Distributions**

**Total Settlement Amount.** Defendants have agreed to pay the total settlement amount of $85,500.00 as set forth in the Settlement Agreement. (Ex. A at 5 ¶ 3.) That sum will be used to make settlement payments to the Plaintiff and other members of the proposed Settlement Class which shall constitute adequate consideration for the Settlement and will be made in full and final settlement of: (1) the claims released by Plaintiff and other Class Members; (2) attorneys' fees and reimbursed litigation expenses; (3) costs of administration; and (4) any other obligations of Defendants under the Settlement Agreement.

**Payments to Settlement Class Members.** From the total settlement amount, Class Members will be paid the total allocated amount of $49,000.00 as set forth in the Settlement Agreement, resulting in payments equating to an average of approximately 117% of the damages calculated by Plaintiff's and Defendants' Counsel. Inherent in the proposed distribution method in which Class Members are distributed settlement payments based on each Class Member's actual damages during the relevant time period, subject to a $100 minimum payment, the settlement proposal treats Class Members equitably relative to each other. *See* Fed. R. Civ. P. 23(e)(2)(D). Plaintiff Miller will participate in this recovery under the same procedure applicable to other Class Members, and will also receive a third year of recovery and liquidated damages as

6

provided for by the FLSA. Importantly, this is not a "claims-made" settlement. All Class Members who do not exclude themselves from the settlement will receive a settlement check.

**Attorneys' Fees and Cost Reimbursements.** Class Counsel will receive attorneys' fees and costs in the amount of $28,500.00 as set forth in the Settlement Agreement. (*See* Ex. A at 9 ¶ 10.) After reductions for litigation expenses, the attorney fee recovery will equal approximately 32.06% of the total settlement fund. (*See* Ex. D, Decl. of Counsel at ¶¶ 28, 37, 41.) The attorneys' fees, and the settlement as a whole, are supported by the Declaration of Class Counsel. (*Id.*) As provided in the Settlement Agreement, attorneys' fees and costs to Class Counsel will not be paid by Defendants until after the final approval order is issued by the Court, contemporaneously along with the settlement payments to Plaintiff and other Class Members, and the payment to the administrator for administration costs. (*See* Ex. A at 8-10 ¶¶ 9-11.)

**Costs of Administration.** From the total settlement amount, Settlement Administrator Rust Consulting (920 2nd Ave. A., Suite 400, Minneapolis, Minnesota 55402) will receive $8,000.00 to administrate the settlement in this action. (*Id.* at 9-10 ¶ 11.)

## IV.     THE PROPRIETY OF APPROVAL

### A.     The Proposed Settlement Qualifies for Court Approval under the FLSA, 29 U.S.C. § 216(b)

As to Plaintiff Devon R. Miller, this settlement qualifies for Court approval under the FLSA, 29 U.S.C. § 216(b). Most courts approve FLSA settlements in a single step. To approve an FLSA settlement, the Court should determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *Yorba v. Barrington School, LLC*, S.D.Ohio No. 2:21-cv-691, 2022 U.S. Dist. LEXIS 118230, at *7 (July 5, 2022) (citing *Landsberg v. Acton Ents., Inc.*, 2008 WL 2468868 at *1 n.1 (S.D. Ohio June 16, 2008), quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353-55 (11th Cir. 1982) (the court

should determine whether the settlement is "a fair and reasonable resolution of a bona fide dispute"), citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S. Ct. 925, 928 n.8, 90 L. Ed. 1114 (1946)); *Zego v. Meridian-Henderson*, S.D.Ohio No. 2:15-CV-3098, 2016 U.S. Dist. LEXIS 132320, at *3 (Sep. 27, 2016) (quoting *Kritzer v. Safelite Solutions, LLC*, No. 2:10-cv-729, 2012 U.S. Dist. LEXIS 74994, 2012 WL 1945144, at *5 (S.D. Ohio May 30, 2012)).

In *Yorba*, this Court used seven factors to evaluate whether the proposed settlement was "fair, reasonable and adequate" for purposes of the FLSA, 29 U.S.C. 216(b). *Yorba*, 2022 U.S. Dist. LEXIS 118230, at *7-13; *Kritzer*, 2012 U.S. Dist. LEXIS 74994, at *19-20; *see also Crawford v. Lexington-Fayette Urban Cty. Govt.,* E.D.Ky. No. 06-299-JBC, 2008 U.S. Dist. LEXIS 90070, at *13-14 (Oct. 23, 2008) (applying an alternative formulation of the seven-factors) (citing *UAW v. General Motors Corp.,* 497 F.3d 615, 631 (6th Cir. 2007), citing *Granada Invs., Inc. v. DWG Corp.,* 962 F.2d 1203, 1205 (6th Cir.1992) (additional citation omitted)). These factors include:

> (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest.

*Yorba*, 2022 U.S. Dist. LEXIS 118230, at *7-12 (citing *UAW*, 497 F.3d at 631). "The court may choose to consider only factors that are relevant to the settlement at hand and may weigh particular factors according to the demands of the case." *Gentrup v. Renovo Servs., LLC,* S.D.Ohio No. 1:07CV430, 2011 U.S. Dist. LEXIS 67887, at *8 (June 24, 2011) (citing *Redington v. Goodyear Tire & Rubber Co.,* 2008 U.S. Dist. LEXIS 64639, 2008 WL 3981461 at *11 (N.D. Ohio Aug. 23, 2008), citing *Granada,* 962 F.2d at 1205-06)).

A key factor – the likelihood of success on the merits balanced against the amount and

form of the settlement – strongly supports approval. Litigating wage and hour claims is always risky and uncertain, and Plaintiff would have to establish not only Defendants' liability, which Defendants vehemently deny, but also damages. The outcome of litigating the case would be uncertain, and the risks of continued litigation would be high. In contrast, the Settlement assures that Plaintiff Devon R. Miller - the only individual in this action with claims under the FLSA, 29 U.S.C. § 216(b) – will receive compensation for his federal law wage claims. The certainty and finality of a settlement that will substantially benefit Plaintiff is in the public interest. *See Kritzer*, 2012 U.S. Dist. LEXIS 74994, at *24 (the public interest is served when a settlement "ends potentially long and protracted litigation") (citing *In re Broadwing, Inc. ERISA Litig.*, 252 F.R.D. 369, 369 (S.D. Ohio 2006); *Hainey v. Parrott*, 617 F. Supp. 2d 668, 679 (S.D. Ohio 2007)). The proposed Settlement will eliminate the risk and delay of litigation and make substantial payments available to Plaintiff Devon R. Miller, again the only individual in this action with claims under the FLSA.

The other six factors are satisfied as well. Wage-and-hour cases are always expensive and time-consuming and the expense and likely duration of continued litigation strongly favor approval. Class Counsel have extensive experience litigating FLSA claims, and there is categorically no fraud or collusion – the settlement was achieved only after good faith and arm's-length negotiations between parties represented by competent counsel. *See Sharier v. Top of the Viaduct, LLC*, N.D.Ohio No. 5:16-cv-343, 2017 U.S. Dist. LEXIS 35584, at *5 (Mar. 13, 2017); *Yorba*, 2022 U.S. Dist. LEXIS 118230, at *8. The Parties engaged in comprehensive discovery, substantial document review, comprehensive data analysis, due diligence prior to arduous negotiations, and the issues were well understood. Counsel on both sides support the Settlement, as does the Plaintiff himself. (*See* Exs. A, D.) In sum, the seven-factor standard is satisfied,

supporting that the FLSA settlement as to Plaintiff Devon R. Miller is "a fair and reasonable resolution of a bona fide dispute." *Yorba*, 2022 U.S. Dist. LEXIS 118230, at *7.

**B.     The Proposed Settlement Qualifies for Preliminary Approval under Rule 23**

"Class actions are meant to serve the public interest by providing an incentive for lawyers and class representatives to litigate on behalf of a group of people whose injury is legitimate and meaningful, but whose individual damages are not substantial enough to make litigation on an individual basis worthwhile." *Lonardo v. Travelers Indemnity Co*., 706 F. Supp. 2d 766, 782 (N.D.Ohio 2010). Fed. R. Civ. P. 23 requires a two-fold determination for preliminary approval of the class action. Rule 23 authorizes the Court to certify a class if it satisfies the four prerequisites of Rule 23(a) – numerosity, commonality, typicality, and adequate representation – and "meet[s] at least one of the three requirements listed in Rule 23(b)." *Glazer v. Whirlpool Corp*., 678 F.3d 409, 416 (6th Cir.2012). Rule 23(e) provides that the Court may approve the class settlement "only after a hearing and only on finding that it is fair, reasonable, and adequate…" *See, e.g., Jackson v. Trubridge,* 2017 U.S. Dist. LEXIS 193782, at *4, 6 (granting preliminary approval of settlement that was "'fair, reasonable, and adequate' to all participants").

Rule 23(e), effective December 1, 2018, explicitly addresses preliminary approval. The Rule now provides:

**(e) Settlement, Voluntary Dismissal, or Compromise.** The claims, issues, or defenses of a certified class—or a class proposed to be certified for purposes of settlement—may be settled, voluntarily dismissed, or compromised only with the court's approval. The following procedures apply to a proposed settlement, voluntary dismissal, or compromise:

(1) *Notice to the Class.*

(A) *Information That Parties Must Provide to the Court.* The parties must provide the court with information sufficient to enable it to determine whether to give notice of the proposal to the class.

> (B) *Grounds for a Decision to Give Notice.* The court must direct notice in a reasonable manner to all class members who would be bound by the proposal if giving notice is justified by the parties' showing that the court will likely be able to: (i) approve the proposal under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal.

As above, the Court must address two questions at the preliminary approval stage: (i) whether it "will likely be able to . . . approve the proposal under Rule 23(e)(2)"; and (ii) whether it "will likely be able to . . . certify the class for purposes of judgment on the proposal." *Id.* Courts have treated the amended standard as superseding the varying "preliminary approval" standards that courts had developed based on decisional law. *See Fitzgerald v. P.L. Marketing,* W.D.Tenn. No. 2:17-cv-02251-SHM-cgc, 2020 U.S. Dist. LEXIS 117220, at *12, fn. 1 (July 2, 2020) ("Rule 23(e) was substantially amended to provide an enumerated 'shorter list of core concerns' for courts to focus on when evaluating whether a proposed class action settlement is fair.") (citing *see* Fed. R. Civ. P. 23(e)(2), 2018 Advisory Committee Notes); *Noll v. Flowers Foods Inc.,* No. 1:15-cv-00493-LEW, 2022 U.S. Dist. LEXIS 75349, at *16-17 (D. Me. Apr. 26, 2022); *Busby v. Bonner,* W.D.Tenn. No. 2:20-cv-2359-SHL-atc, 2021 U.S. Dist. LEXIS 173421, at *8 (Jan. 28, 2021); *Herrera v. Wells Fargo Bank, N.A.,* C.D.Cal. No. SACV 18-332JVS(MRWx), 2021 U.S. Dist. LEXIS 170195, at *21 (June 8, 2021); *Padovano v. FedEx Ground Package Systems*, 2019 U.S. Dist. LEXIS 107092, *6-7 (W.D.N.Y. June 10, 2019); *In re MyFord Touch Consumer Litig*., 2019 U.S. Dist. LEXIS 53356, *14-16 (N.D. Cal. Mar. 29, 2019); *Swinton v. SquareTrade, Inc*., 2019 U.S. Dist. LEXIS 25458, *13-15 (S.D. Iowa Feb. 14, 2019). The proposed Settlement satisfies the above prerequisites and standards, as shown below.

### 1. Approval of the Proposal Under Civil Rule 23(e)(2)

When evaluating whether the Court *will likely be able to* "approve the proposal under

Rule 23(e)(2)," the court applies amended Rule 23(e)(2)'s approval factors. Rule 23(e) states:

> (2) *Approval of the Proposal.* If the proposal would bind class members, the court may approve it only after a hearing and only on finding that it is fair, reasonable, and adequate after considering whether:
>
>> (A) the class representatives and class counsel have adequately represented the class;
>>
>> (B) the proposal was negotiated at arm's length;
>>
>> (C) the relief provided for the class is adequate, taking into account:
>>
>>> (i) the costs, risks, and delay of trial and appeal;
>>> (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
>>> (iii) the terms of any proposed award of attorney's fees, including timing of payment; and
>>> (iv) any agreement required to be identified under Rule 23(e)(3); and
>>
>> (D) the proposal treats class members equitably relative to each other.

These factors are addressed in turn.

### a. Adequacy of Representation by Class Counsel and Class Representatives – Rule 23(e)(2)(A)

Named Plaintiff has aggressively pursued the interests of Class Members in this case, and

Class Counsel have extensive experience in class action litigation including wage-and-hour

cases. *See Young v. Nationwide Mut. Ins. Co*., 693 F.3d 532, 543 (6th Cir. 2012) (class

representatives "must have common interests with unnamed members" and "it must appear that

[they] will vigorously prosecute the interests of the class through qualified counsel") (quoting *In

re Am. Med. Sys., Inc*., 75 F.3d 1069, 1083 (6th Cir. 1996) (citation omitted)). Class

representative and Named Plaintiff Devon R. Miller, and Class Counsel have adequately

represented the class, including but not limited to by engaging in substantial discovery,

comprehensive data analysis, and due diligence prior to arduous negotiations, and achieved an exceptional result for Class Members. (*See* Ex. D, Decl. of Counsel at ¶¶ 15-22, 30-43.) That is, from the total settlement amount, Class Members will be paid the total allocated amount of $49,000.00, equating to an average of approximately 117% of Class Member damages, subject to a $100 minimum payment. The allocations provided to members of the class are "well above the 7 % to 11 % average result achieved for class members." *Dillworth v. Case Farms Processing, Inc.,* N.D.Ohio No. 5:08-cv-1694, 2010 U.S. Dist. LEXIS 20446, at *19-20 (Mar. 8, 2010) (citing *see* Dunbar, Foster, Juenja, & Martin, Recent Trends III: What Explains Settlements in Shareholder Class Actions? (National Economic Research Assocs. (NERA) June 1995).

### b. Arm's Length Negotiation – Rule 23(e)(2)(B)

Advisory Committee Notes provide that this factor considers whether negotiations "were conducted in a manner that would protect and further the class interests." The settlement here was reached as a result of arm's length negotiation by competent counsel. Class Counsel engaged in extensive investigations into the facts before and during the prosecution of the Action, multiple conferences with the Defendants' Counsel, inspection and analysis of a statistically significant percentage – 100% – of the class-wide payroll documents produced by the Defendants including analysis of wage-and-hour information and other data and documents and development of a data analysis and methodology comprising of over 168,000 data points from the records produced by Defendants, and investigation into the viability of class treatment and collective action treatment. The Parties were represented by law firms with extensive litigation and wage and hour experience. Class Counsel certifies that the Settlement Agreement resulting from these negotiations was reached at arm's length and is one that is fair and reasonable to Class Members. This factor is likely to be satisfied.

#### c. The Relief is Adequate, Taking into Account the Costs, Risks, and Delay of Trial and Appeal – Rule 23(e)(2)(C)(i)

Advisory Committee Notes provide that "[a]nother central concern will relate to the cost and risk involved in pursuing a litigated outcome." Here, the court may consider "the likely range of possible classwide recoveries and the likelihood of success in obtaining such results. That forecast cannot be done with arithmetic accuracy, but it can provide a benchmark for comparison with the settlement figure." *Id.*

This factor is likely to be satisfied. The proposed Settlement will eliminate the risk and delay of litigation and make substantial payments available to the Plaintiff and all other Class Members. There is no guarantee that Plaintiff and Class Members will prevail at trial and the litigation could be long, immensely costly, and protracted. In fact, at trial, the maximum damages Plaintiff and Class members could ask the Court to award are 100% of the calculated damages, or $41,999.31 as conceded by both Class and Defendants' Counsel. The average approximate 117% of damages settlement, after attorney fees ($49,000 net settlement amount payable to Class Members), assures that the Plaintiff and all other Class Members will receive significant compensation with little additional delay in the face of substantial risk and costs commensurate with further prolonged litigation. There can be no question this is an exceptional settlement for Class Members.

#### d. The Relief is Adequate, Taking into Account the Effectiveness of the Proposed Method of Distribution – Rule 23(e)(2)(C)(ii)

Here, the Court "scrutinize[s] the method of claims processing to ensure that it facilitates filing legitimate claims" and "should be alert to whether the claims process is unduly demanding." Advisory Committee Notes. This factor is likely to be satisfied. First, Class Members are required to do nothing to participate in the settlement – no claim forms or other

documents are required to be completed and submitted to participate in the Class recovery – participation is automatic.

Second, as belabored above, the settlement achieves an excellent result for Class Members. From the total settlement amount, Class Members will be paid the total allocated amount of $49,000.00 resulting in, *after* deduction of attorneys' fees and expenses, an average of 117% of each Class Member's possible overtime damages, subject to a $100 minimum payment; again, based on the analysis of all relevant wage and hour records, the total damages for Plaintiff and all Class members was $41,999.31. This factor is also likely to be satisfied.

**e. The Relief is Adequate, Taking into Account the Terms of the Proposed Award of Attorney's Fees – Rule 23(e)(2)(C)(iii)**

As to this factor, Advisory Committee Notes provide that "[e]xamination of the attorney-fee provisions may also be valuable in assessing the fairness of the proposed settlement." As provided in the Settlement Agreement, attorneys' fees and costs to Class Counsel will not be paid by Defendants until after the final approval order is issued by the Court, contemporaneously along with the settlement payments to Plaintiff and other Class Members. (*See* Ex. A at 8-9 ¶¶ 9-10.) After reductions for litigation expenses, the attorneys' fee recovery will equal approximately 32.06% of the total settlement fund. (*See* Ex. D, Decl. of Counsel at ¶¶ 28, 37, 41.)

Moreover, the FLSA provides that the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendants, and the costs of the action." 29 U.S.C. § 216(b). Ohio wage-and-hour statutes also provide for "costs and reasonable attorney's fees as may be allowed by the court." O.R.C. § 4111.10.

The FLSA's mandatory fee provision "insure[s] effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances," and thus "encourage[s] the vindication of congressionally identified policies and rights." *Fegley v.*

*Higgins,* 19 F.3d 1126, 1134-35 (6th Cir. 1994), *cert. denied,* 513 U.S. 875 (1994) (quoting *United Slate, Tile & Composition Roofers, Damp and Waterproof Workers Ass'n, Local 307 v. G & M Roofing and Sheet Metal Co.,* 732 F.2d 495, 502 (6th Cir.1984)). *Accord Kritzer*, 2012 U.S. Dist. LEXIS 74994, at *28 (the fee award must be "adequate to attract competent counsel but … not produce a windfall) (citing *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 2008), quoting *Blum v. Stenson*, 465 U.S. 886, 897 (1984)).

In the present case, as provided in Section III, B, and Section IV, B, 1, c-d, above, the settlement achieves an excellent result for Class Members. From the total settlement amount, Class Members will be paid the total allocated amount of $49,000.00, equating to an average of approximately 117% of each Class Member's damages, subject to a $100 minimum payment. The allocations provided to members of the class are "well above the 7 % to 11 % average result achieved for class members." *Dillworth*, 2010 U.S. Dist. LEXIS 20446, at *19-20 (citation *supra*). The attorneys' fees, and the settlement as a whole, are supported by the Declaration of Class Counsel, attached as Exhibit D.

"In this district, 'the preferred method is to award a reasonable percentage of the fund, with reference to the lodestar and the resulting multiplier.'" *Swigart v. Fifth Third Bank*, S.D.Ohio No. 1:11-cv-88, 2014 U.S. Dist. LEXIS 94450, at *14-15 (July 11, 2014) (citing *Connectivity Sys. Inc. v. Nat'l City Bank,* No. 2:08–CV–1119, 2011 WL 292008, at *13 (S.D.Ohio Jan.26, 2011)); *Lonardo*, 706 F. Supp. 2d at 790 (percentage-of-fund is the "preferred method"). Another court noted that "[t]he percentage of the common fund method has the advantage of establishing reasonable expectations on the part of class counsel 'as to their expected recovery,' and encourag[es] early settlement before substantial fees and expenses have accumulated." *Dillworth*, 2010 U.S. Dist. LEXIS 20446, at *19-21 (citing *Rawlings v.*

*Prudential-Bache Properties*, 9 F.3d 513, 516 (6th Cir.1993) (further citation omitted)).

Applying *Fegley* and *Rawlings*, courts in the Sixth Circuit commonly approve one-third fee awards in wage-and-hour actions, including Rule 23 overtime cases. *Yorba*, 2022 U.S. Dist. LEXIS 118230, at \*15-16; *Carr v. Guardian Healthcare Holdings, Inc.,* No. 2:20-cv-6292, 2022 U.S. Dist. LEXIS 32094, at \*23-24 (S.D. Ohio Jan. 19, 2022); *Wright v. Premier Courier, Inc.,* No. 2:16-cv-420, 2018 U.S. Dist. LEXIS 140019, at \*16-19 (S.D. Ohio Aug. 17, 2018) (approving one-third attorney fee award and noting "the hours expended and time records submitted by Class Counsel [including Scott & Winters] further underscore their competency and efficient handling of this matter, favoring approval."); *Macaluso v. Zirtual Startups, LLC,* S.D.Ohio No. 2:19-CV-3616, 2021 U.S. Dist. LEXIS 154243, at \*18-19 (Aug. 17, 2021) (approving request for attorneys' fees in the amount of one-third of the settlement fund and noting that "Plaintiff's counsel [Scott & Winters] brings substantial collective experience in litigating claims under [the] FLSA. [] Counsel zealously advocated for the Opt-In Plaintiffs' interests throughout the entirety of this litigation."); *Barnes v. Winking Lizard, Inc.,* No. 1:18CV952, 2019 U.S. Dist. LEXIS 65657, at \*15-18 (N.D. Ohio Mar. 26, 2019) (approving 33 1/3% fee award)*; Brittmon v. Upreach LLC*, S.D.Ohio No. 2:17-cv-219, 2018 U.S. Dist. LEXIS 224730, at \*3 (Nov. 8, 2018) (approving 40% of the overall settlement for attorney's fees).

Courts reference the NERA study, cited in 2000 as "[t]he most complete analysis of fee awards in class actions conducted to date." *Shaw v. Toshiba America Information Systems, Inc.*, 91 F. Supp. 2d 942, 988 (E.D. Tex. 2000). *See Dillworth*, 2010 U.S. Dist. LEXIS 20446, at \*19-20 (citing study conducted by the National Economic Research Assocs.). The study found that "regardless of size, attorneys' fees average approximately 32% of the [class action] settlement," *Shaw*, 91 F. Supp. 2d at 988 (citing NERA Study at 7 & Exh. 12), although the average result

17

achieved for class members is generally only 7% to 11% of the claimed damages, *Dillworth*, 2010 U.S. Dist. LEXIS 20446, at *20 (citing *see* Frederick C. Dunbar, Todd S. Foster, Vinita M. Juenja, Denise N. Martin, Recent Trends III: What Explains Settlements in Shareholder Class Actions? (National Economic Research Assocs. (NERA) June 1995)).

 Measured by the NERA benchmarks, the proposed Settlement in the present case is exemplary. Class Counsel have actively, aggressively, and efficiently litigated this case against the formidable defense mounted by Defendants. The resulting settlement negotiated by Class Counsel ensures substantial payments to the Plaintiff and other Class Members. Based on all relevant factors, the proposed payment of attorneys' fees and cost reimbursements to Class Counsel is proper and reasonable, and fulfills the purpose and intent of the FLSA's fees provisions. Furthermore, as provided in the Settlement Agreement, attorneys' fees and costs to Class Counsel are not to be disbursed until after the final approval order is issued by the Court, contemporaneously along with the settlement payments disbursed to Plaintiff and other Class Members. (*See* Ex. A at 8-9 ¶¶ 9-10); *see also* Fed. R. Civ. P. 23(e)(2)(C)(iii).

 At the final approval stage, after additional substantial additional work to be completed by Class Counsel, Plaintiff will fully brief the fairness and reasonableness of the requested attorneys' fees under the Sixth Circuit's "*Ramey*" factors. *See, e.g., Pierce v. Diversified Health Mgmt.*, No. 2:21-cv-02624, 2021 U.S. Dist. LEXIS 184536, at *5 (S.D. Ohio Sep. 27, 2021); *Guardian Healthcare Holdings,* 2022 U.S. Dist. LEXIS 32094, at *22-23; *Wright*, 2018 U.S. Dist. LEXIS 140019, at *13-15; *Arledge v. Domino's Pizza, Inc*., 2018 U.S. Dist. LEXIS 179474, *8-15 (N.D. Ohio Oct. 17, 2018); *Rudi v. Wexner*, S.D.Ohio No. 2:20-cv-3068, 2022 U.S. Dist. LEXIS 98299, at *11-14 (May 16, 2022). In the meantime, it is likely that the amount and timing of the proposed attorneys' fees will support final approval because attorney fee

recoveries in class and collective actions representing 33% of the common fund generally fall within the acceptable range. *See e.g., Barnes*, 2019 U.S. Dist. LEXIS 65657, at *17 (citing cases).

### f. The Relief is Adequate, Taking into Account Agreements Required to be Identified under Rule 23(e)(3) – Rule 23(e)(2)(C)(iv)

Rule 23(e)(3) requires the Parties to "file a statement identifying any agreement made in connection with the proposal." Here, the Settlement Agreement (Ex. A) is the only agreement connected to this class action settlement. Moreover, this Settlement specifically does not apply to or include Lindsay Saunders, who previously agreed to settlement terms (including, as represented by Defendants, any claim that she has for unpaid overtime) with Defendants and is represented by Shannon Draher of NILGES DRAHER LLC (7034 Braucher St. NW Suite B, North Canton, OH 44720). This factor is therefore likely to be satisfied.

### g. The Settlement Treats Class Members Equitably Relative to Each Other – Rule 23(e)(2)(D)

Advisory Committee Notes comment that the amended Rule prohibits "inequitable treatment of some class members vis-a-vis others." As to the class, inherent in the proposed distribution method in which Class Members are distributed settlement payments based on each Class Member's exact calculated damages during the relevant period, the settlement proposal treats Class Members equitably relative to each other. *See* Fed. R. Civ. P. 23(e)(2)(D). This distribution method, based on each respective Class Member's actual damages during the applicable time period with a $100.00 minimum payment, is eminently the most equitable proposed method of distributing relief to each member of the class.

## 2. Approval of the Proposal under Civil Rule 23(e)(1)(B)(ii)

Now that the Parties have shown that the Court "will likely be able to . . . approve the proposal under Rule 23(e)(2)," we turn to the second consideration under Rule 23(e)(1)(B): whether the court "will likely be able to . . . (ii) certify the class for purposes of judgment on the proposal." Certification of the proposed Settlement Class will enable the Parties to resolve the claims of Plaintiff and all other Class Members. Rule 23 authorizes the Court to certify a class that satisfies the four prerequisites of Rule 23(a) – numerosity, commonality, typicality, and adequate representation – and "meet[s] at least one of the three requirements listed in Rule 23(b)." *Whirlpool Corp*, 678 F.3d at 416. Furthermore, "courts in this Circuit have recognized that ascertainability of class members is an implied prerequisite of Rule 23." *Steigerwald v. BHH, LLC*, 2016 U.S. Dist. LEXIS 21116, *8 (N.D.Ohio Feb. 22, 2016) (citations omitted).

**Numerosity.** The class consists of 51 employees of Defendants. Rule 23(a)(1) requires a showing that the proposed class is "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). The Sixth Circuit has held that there is "no strict numerical test" to establish numerosity. *Castillo v. Morales, Inc.*, 302 F.R.D. 480, 487 (S.D. Ohio 2014) (citing *Young*, 693 F.3d at 541). A class of 35 employees, for example, has been found sufficient. *Afro American Patrolmen's League v. Duck*, 503 F.2d 294, 298 (6th Cir. 1974); *see also Dorsey v. Aviva Metals, Inc.,* No. 1:20-cv-02014, 2022 U.S. Dist. LEXIS 176562, at *22 (N.D. Ohio Sep. 28, 2022) ("40 or more members raises a presumption of impracticability") (quoting *Zehentbauer Fam. Land LP v. Chesapeake Expl., L.L.C.,* No. 4:15-cv-2449, 2018 U.S. Dist. LEXIS 121728, 2018 WL 3496089, at *3 (N.D. Ohio July 20, 2018), aff'd, 935 F.3d 496 (6th Cir. 2019)); *Snelling v. ATC Healthcare Servs. Inc.,* No. 2:11-CV-00983, 2012 U.S. Dist. LEXIS 172052, 2012 WL 6042839, at *5 (S.D. Ohio Dec. 4, 2012) ("40 or more members is

sufficient"). Rather, a plaintiff must only show that the class is "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). In the present case, the class consists of 51 members in total. Thus, numerosity is met as "joinder of all members is impracticable." Rule 23(a).

      **Commonality and typicality**. By definition, the Class consists of all individuals listed in the Preliminary Class Member List and Allocation Schedule attached as Exhibit E, which includes all present and former hourly non-exempt employees of Defendants during the period of September 30, 2019 to November 19, 2021 who worked overtime hours during one or more workweeks and who were not paid overtime compensation at one and one-half times the employee's regular rate of pay for all hours worked in excess of forty (40) hours per workweek. Plaintiff alleges that Defendants owe additional compensation to these persons pursuant to the Ohio wage-and-hour statutes, O.R.C. §§ 4111.01, *et seq.* (*See generally* ECF #1, Compl.) Based on their time periods of employment, all members of the class, including Named Plaintiff Miller, have these claims, and adjudicating them on a classwide basis would "generate common answers that are likely to drive resolution of the lawsuit..." *Arlington Video Prods. v. Fifth Third Bancorp,* 515 F.App'x 426, 441 (6th Cir.2013). Plaintiff's and Class Members' claims are the type of across-the-board practices that establish commonality.

      **Adequacy of Representation.** As above, Plaintiff and Class Counsel have aggressively pursued the interests of Class Members in this case, and Class Counsel have extensive experience in class action litigation including wage-and-hour cases. *Young*, 693 F.3d at 543 (class representatives "must have common interests with unnamed members" and "it must appear that [they] will vigorously prosecute the interests of the class through qualified counsel") (quoting *In re Am. Med. Sys., Inc*., 75 F.3d at 1083 (citation omitted)). As explained above, the

class representative and Class Counsel have adequately represented the class, achieving an exceptional result for Class Members. Fed. R. Civ. P. 23(e)(2)(A). *See Dillworth*, 2010 U.S. Dist. LEXIS 20446, at \*19-20.

      **Predominance.** Rule 23(b)(3) requires that "questions of law or fact common to class members predominate over any questions affecting only individual members." Whether Plaintiff and other Class Members should have been paid additional overtime compensation was the common issue in this litigation, and this issue is the primary issue driving the proposed Settlement. Common issues clearly predominate "over any questions affecting only individual members." Fed. R. Civ. P. 23(b)(3).

      **Superiority.** Rule 23(b)(3) requires class litigation to be "superior to other available methods for fairly and efficiently adjudicating the controversy," and describes four factors that are "pertinent" to this superiority requirement. The present case is precisely the type of case in which class litigation is the superior method of adjudication.

      Rule 23(b)(3)(A) requires courts to consider class members' "interests in individually controlling the prosecution or defense of separate actions." This factor requires the Court to consider whether "Settlement Class Members have any interest in maintaining this litigation as separate actions." *Blasi v. United Debt Servs., LLC*, S.D.Ohio No. 2:14-cv-83, 2019 U.S. Dist. LEXIS 198201, at \*15 (Nov. 15, 2019). There is no evidence that this is the case in this action. As here, "the majority of putative class members would not likely have their day in court on these claims if a class is not certified because of a lack of sophistication, lack of resources, lack of representation and similar barriers." *Id.* (citing *Tedrow v. Cowles,* S.D.Ohio No. 2:06-cv-637, 2007 U.S. Dist. LEXIS 67391, at \*26 (Sep. 12, 2007)).

Rule 23(b)(3)(B) also requires courts to consider "the extent and nature of any litigation concerning the controversy already begun by" class members. No related, pending litigation exists here. One individual who may have otherwise qualified as a class member – Lindsay Saunders – and who is separately represented by counsel Shannon Draher of NILGES DRAHER LLC (7034 Braucher St. NW Suite B, North Canton, OH 44720), has not, to Class Counsel's knowledge, instituted litigation against Defendants; nonetheless, this settlement does not apply to Ms. Saunders pursuant to the terms of the Settlement Agreement. (Ex. A at 3, fn. 1.)

Rule 23(b)(3)(C) further requires courts to consider the desirability of "concentrating the litigation of the claims in the particular forum." Here, concentration of claims in this forum is in fact desirable because each of Defendants' operating locations where all members of the class worked are located in this judicial district.

Finally, Rule 23(b)(3)(D) asks the Court to consider any "likely difficulties in managing the class action." Fed. R. Civ. P. 23(b)(3)(D). As noted in *Amchem Prods. v. Windsor*, 521 U.S. 591, 620, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997), this requirement is satisfied automatically when a case is certified for settlement purposes.

**Ascertainability:** "Before a court may certify a class pursuant to Rule 23, the class definition must be sufficiently definite so that it is administratively feasible for the court to determine whether a particular individual is a member of the proposed class." *Young*, 693 F.3d at 537-38 (internal citations omitted). Here, the ascertainability requirement is satisfied because Class Members are objectively identified through Defendants' payroll and management software and systems.

**C.** **The Proposed Notice Should Be Approved – Rule 23(c)(2)(B)**

In order to protect the rights of absent members of a Settlement Class, the Court must provide the best notice practicable to all members. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173-175, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974). Amended Fed. R. Civ. P. 23(c)(2)(B) specifically provides that "[f]or any class certified under Rule 23(b)(3)—or upon ordering notice under Rule 23(e)(1) to a class proposed to be certified for purposes of settlement under Rule 23(b)(3)—the court must direct to class members the best notice that is practicable under the circumstances…" Such a notice should define the class, describe clearly the options open to the Class Members and deadlines for taking action, describe the terms of the proposed settlement, disclose any special benefits provided to class representatives, provide information regarding attorney's fees, indicate the time and place of the fairness hearing, explain the procedure for distributing settlement funds, provide information that will enable the Class Members to calculate individual recoveries, and prominently display the address and telephone number of Class Counsel and the procedure for making inquiries. Manual for Complex Litigation at § 21.312. *See* Fed. R. Civ. P. 23(c)(2)(B)(i-vii).

Here, each Class Member will receive a tailored notice so that all putative Class Members will be given an opportunity to participate or not to participate, including the right to preserve any individual claims or rights they may have against the Defendants in this action. The proposed Notice of Class Action Settlement (the "Notice"), attached as Exhibit B, should be approved. The proposed Notice gives Class Members a reasonable period of 60 calendar days after the mailing date to opt out of the Settlement Class or object to the Settlement. The Notice defines the class, describes the background of the case and summarizes the terms of the settlement, including the method of allocating individual payments, clearly describes the options

24

open to the Class Members and deadlines for taking action, describes the terms of the proposed settlement, discloses benefits provided to the class representative, provides information regarding attorney's fees, indicates the time and place of the fairness hearing, explains the procedure for distributing settlement funds, informs Class Members how to object to the Settlement or request exclusion from the Class if they so choose, provides Class Member's individual recoveries, and prominently displays the address and telephone number of Class Counsel and the procedure for making inquiries. The Notice is written in plain and understandable language. The Parties request approval of the Notice as drafted. If approved, the Notice will be sent to potential Class Members by "United States mail." Rule 23(c)(2)(B). In sum, the Notice constitutes the "best notice that is practicable under the circumstances," and, therefore, should be approved. *See id.*

### D. The Court Should Appoint SCOTT & WINTERS LAW FIRM as Interim Class Counsel.

Rule 23(g)(3) provides that the Court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Following notice, at the final approval stage, interim Class Counsel may seek to be appointed class counsel. Rule 23(g)(1). Here, SCOTT & WINTERS LAW FIRM respectfully requests the Court to appoint them as interim Class Counsel. As outlined in Counsel's Declaration, proposed Class Counsel are highly experienced lawyers handling class actions, other complex litigation, and the types of wage and hour claims asserted in the action. Class Counsel have completed substantial amounts of work in identifying and investigating the claims in this case, have extensive experience litigating hybrid class/collective wage-and-hour cases and substantial knowledge of the applicable law, and have demonstrated a willingness to commit the necessary resources to prosecute the claims of the Rule 23 Class. Fed. R. Civ. P. 23(g)(1)(A)(i)-(iv). SCOTT & WINTERS LAW FIRM is competent and experienced in class and collective wage-and-hour litigation. This

experience includes prosecuting claims under the FLSA and state law, being appointed as class counsel to represent classes of employees, and successfully resolving the claims of thousands of workers. (*See generally* Ex. D, Declaration of Counsel.)

## V.     CONCLUSION

For the reasons addressed above, the Parties respectfully request that the Court enter the proposed Preliminary Approval Order, attached as Exhibit C.


Respectfully Submitted,

*s/ Ryan A. Winters*
Joseph F. Scott (0029780) (Trial Counsel)
Ryan A. Winters (0086917)
**SCOTT & WINTERS LAW FIRM, LLC**
P: (216) 912-2221    F: (440) 846-1625
50 Public Square, Suite 1900
Cleveland, OH 44113
jscott@ohiowagelawyers.com
rwinters@ohiowagelawyers.com

Kevin M. McDermott II (0090455)
**SCOTT & WINTERS LAW FIRM, LLC**
P: (216) 912-2221    F: (440) 846-1625
11925 Pearl Rd., Suite 310
Strongsville, Ohio 44136
kmcdermott@ohiowagelawyers.com

*Attorneys for Plaintiff and*
*Proposed Interim Class Counsel*

*s/ Morris L. Hawk      (via email consent)*
Morris L. Hawk (0065495) (Trial Counsel)
mhawk@ralaw.com
**ROETZEL & ANDRESS, LPA**
1375 East Ninth Street
One Cleveland Center, 10th Floor
Cleveland, OH 44114
(T) 216.623.0150 (F) 216.623.0134

*Attorney for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a copy of the foregoing was filed electronically.

Notice of this filing will be sent by operation of the Court's electronic filing system to all parties

indicated on the electronic filing receipt.

*/s Ryan A. Winters*
Ryan A. Winters (0086917)
