## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**DEVON R. MILLER,**
**individually and on behalf of all**
**others similarly situated,**

        **Plaintiff,**                **Case No. 2:21-cv-4867**
                                **JUDGE EDMUND A. SARGUS, JR.**
        **v.**                     **Magistrate Judge Elizabeth P. Deavers**

**BALTIMORE BUILDERS SUPPLY &**
**MILLWORK, INC.,** *et al.*,

        **Defendants.**

### ORDER

This matter is before the Court on Plaintiff Devon R. Miller and Defendants Baltimore Supply & Millwork, Inc., Hometown Hardware, Inc., Richard E. Foreman, and Robin L. Hayes' Joint Motion for Preliminary Approval of Class Action Settlement ("Motion"). (ECF No. 27.) The Motion requests the Court to (1) preliminarily approve the proposed settlement of Settlement Class Members' claims pursuant to Fed. R. Civ. P. 23(e); (2) approve a proposed notice to potential Settlement Class Members; (3) appoint Scott & Winters Law Firm as interim Class Counsel; and (4) schedule a Fairness Hearing.[1] The Court, having reviewed the submission of the parties, finds that the Motion should be **GRANTED**. (ECF No. 27.) Accordingly, the Court **ORDERS** as follows:

    1.    The Court has jurisdiction over the subject matter of the above-captioned litigation and over all parties to this Settlement, including, without limitation, the Settlement Class Members, to enter this Order.

---

[1] The capitalized terms used in this Order shall have the same meaning as defined in the Settlement Agreement except as may otherwise be indicated.

2.     The Settlement Agreement submitted with the Motion is **PRELIMINARILY APPROVED** as fair, reasonable, and adequate. The Court finds that the Agreement was arrived at in good faith, following extensive arm's-length negotiations. The Court also finds that, at the final approval stage, the Court "will likely be able to" approve the Settlement under the criteria described in Federal Rule of Civil Procedure ("Civil Rule") 23(e)(2) and certify the settlement class under the criteria described in Civil Rules 23(a) and 23(b)(3). *See* Fed. R. Civ. P. 23(e)(1)(B)(i)-(ii). These findings are subject to a final determination to be made after the Fairness Hearing set forth in Paragraph 8 of this Order.

3.     Based upon the submissions of the Parties, and for purposes of the preliminary approval of the Settlement Agreement only, the Court finds as to the Settlement Class (defined in Paragraph 4 of this Order) that: (a) the Settlement Class Members are so numerous as to make joinder of them impracticable; (b) there are questions of law and fact common to the Settlement Class as to the reasonableness of the Settlement among other common issues in the litigation, and such questions predominate over any questions affecting only individual members of the Settlement Class; (c) the Named Plaintiff's claims and defenses asserted thereto are typical of the claims of Settlement Class Members and the defenses asserted thereto; (d) the Named Plaintiff and Class Counsel have fairly and adequately protected the interests of the Settlement Class Members throughout this litigation; and (e) a class action is superior to all other available methods for fairly and efficiently resolving this litigation, considering: (i) the interest of the Settlement Class Members in individually controlling the prosecution of separate actions; (ii) the extent and nature of the litigation concerning the controversy already commenced by the Settlement Class Members; (iii) the desirability and undesirability of concentrating the litigation of these claims in a particular forum; and (iv) the difficulties likely to be encountered in the management of a class action.

Moreover, the Court has considered the factors set forth in Rule 23(e) and has concluded that the preliminary approval and notice to the Settlement Class Members is appropriate and warranted.

4.     The Court hereby preliminarily and conditionally approves, for settlement purposes, the following Settlement Class:

> **All individuals listed in the Preliminary Class Member List and Allocation Schedule attached as Exhibit E, which includes all present and former hourly nonexempt employees of Defendants during the period of September 30, 2019 to November 19, 2021 who worked overtime hours during one or more workweeks and who were not paid overtime compensation at one and one-half times the employee's regular rate of pay for all hours worked in excess of forty (40) hours per workweek.[2]**

(Mot. at 1, ECF No. 27; *see also* Settlement Agreement at 2-3, ECF No. 27-1; Allocation Schedule, ECF No. 27-5.)

5.     The Court **PRELIMINARILY APPROVES** Plaintiff Devon Miller as the class representative of the Settlement Class.

6.     The Court **PRELIMINARILY APPROVES** Scott & Winters Law Firm as interim Class Counsel.

7.     The Court appoints Rust Consulting (920 2nd Ave. A., Suite 400, Minneapolis, Minnesota 55402) as the Settlement Administrator to perform the duties of the Settlement Administrator as set forth and in accordance with the Settlement Agreement and all exhibits thereto.

8.     Pursuant to Civil Rule 23(e)(2), a Fairness Hearing addressing final approval of the settlement shall be held before the Court on **Wednesday, September 13, 2023 at 10:00 a.m.** in Room 311 of the Joseph P. Kinneary U.S. Courthouse, 85 Marconi Boulevard, Columbus, OH 43215. During this hearing, the Court will hear from any objectors or other class members who

---

[2] This Settlement specifically does not apply to or include Lindsay Saunders, who previously agreed to settlement terms (including, as represented by Defendants, any claim that she has for unpaid overtime) with Defendants and is represented by Shannon Draher of NILGES DRAHER LLC (7034 Braucher St. NW Suite B, North Canton, OH 44720).

wish to address the Court and will hear argument from counsel regarding, *inter alia*, the following issues: whether the settlement warrants final approval under Civil Rule 23(e)(2), 29 U.S.C. § 216(b), and O.R.C. § 4111.01 *et seq.*; whether the class action settlement class should be certified under Civil Rules 23(a) and 23(b)(3); and whether the attorneys' fees and litigation costs sought by interim class counsel and described in the Settlement Agreement should be approved under Civil Rule 23(h).

9.      The parties shall file all papers in support of the final approval of the settlement and the associated issues described in Paragraph 8 above thirty (30) days before the Fairness Hearing. Objectors, if any, shall file any response to Plaintiff's motion(s) no later than seventeen (17) days prior to the Fairness Hearing. No later than seven (7) days prior to the Fairness Hearing or at such other time as ordered by the Court, Plaintiff shall file a Reply in Support of the Motion for Final Approval of Class Action Settlement and/or responses to any filings by objectors to address any valid and timely objections.

10.     The "Notice of Class Action Settlement" form attached to the Preliminary Approval Motion as Exhibit B ("Notice Form") and the notice protocols described in the Settlement are **APPROVED** pursuant to Civil Rules 23(c)(2)(B) and 23(e)(1). (*See* Notice Form, ECF No. 27-2.) The Notice Form shall be sent to the "Potential Class Members" as defined in the Settlement Agreement, pursuant to such protocols. The Court finds that the mailing of the notices in the form and manner set forth in the Settlement Agreement meet the requirements of Civil Rule 23 and due process, and is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled to notice.

11.     Individuals who wish to exclude themselves from the settlement must do so within sixty (60) calendar days after the settlement administrator mails the Notice Form and must follow the procedures described in the Settlement Agreement and Notice Form.

12.     All Settlement Class Members who submit valid and timely notices of their intent to be excluded from the Settlement Class shall not receive any benefits of or be bound by the terms of the Settlement. Any Settlement Class Member that does not timely and validly exclude himself, herself, or themselves from the Settlement shall be bound by the terms of the Settlement. If final judgment is entered, any Settlement Class Member that has not submitted a timely, valid written notice of exclusion from the Settlement Class (in accordance with the requirements of the Settlement and herein) shall be bound by all proceedings, orders, and judgments in this matter, including but not limited to the releases set forth in the Settlement and the Final Approval Order.

13.     Individuals who wish to object to the settlement must do so within sixty (60) calendar days after the settlement administrator mails the Notice Form and must follow the procedures described in the Settlement Agreement and Notice Form.

14.     The Settlement Administrator shall cause the objections to be filed with the Court, either for in camera review or with all personally identifying information redacted. The Settlement Administrator, with interim Class Counsel and Counsel for Defendants, shall contact the Court's chambers for guidance in terms of how the Court would prefer to receive the objection.

15.     Any Settlement Class Member who does not properly and timely submit an objection to the Settlement in accordance with the procedures described in this Order and in the Settlement Agreement and Notice Form will be considered to have waived any such objection, shall not be permitted to object to the Settlement at the Final Approval Hearing, shall be foreclosed from seeking any review of the Settlement or its terms by appeal or otherwise, and shall be bound by the Settlement, Final Approval Order, and any related orders, including without limitation any and all releases in the Settlement, Final Approval Order, and/or related orders.

16.     The Court reserves the right to adjourn the date of the Fairness Hearing without further notice to the Settlement Class Members and retains jurisdiction to consider all further

applications or matters arising out of or connected with the proposed Settlement Agreement. The Court may approve the Settlement Agreement, with such modifications as may be agreed to by the parties, if appropriate, without further notice to the Settlement Class Members.

**IT IS SO ORDERED.**

**4/4/2023**                                    **s/Edmund A. Sargus, Jr.**
**DATE**                                          **EDMUND A. SARGUS, JR.**
                                                        **UNITED STATES DISTRICT JUDGE**