UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DEVON R. MILLER, on behalf of himself
and all others similarly situated,

        Plaintiff,                    Case No. 2:21-cv-4867
                                                 JUDGE EDMUND A. SARGUS, JR.
        v.                                   Magistrate Judge Elizabeth P. Deavers

BALTIMORE BUILDERS SUPPLY
& MILLWORK, INC., et al.,

        Defendants.

**OPINION AND ORDER**

This matter is before the Court on the Joint Motion to Certify the Settlement Class, Final Approval of the Class Action Settlement and Award of Attorney Fees and Costs. (ECF No. 30.) This Court held a Fairness Hearing on September 13, 2023, at which no objectors appeared. For the reasons stated below, the Court **GRANTS** the parties' Joint Motion. (ECF No. 30.)

**I.**

Plaintiff Devon R. Miller's, and Defendants Baltimore Builders Supply & Millwork, Inc., Hometown Hardware, Inc., Richard E. Foreman, and Robin L. Hayes's, "Joint Motion for Certification of the Settlement Class, Final Approval of the Class Action Settlement, and Other Associated Relief" (ECF No. 30), the "Class Action Settlement Agreement" (ECF No. 27-1, the "Settlement Agreement"), the "Joint Motion for Preliminary Approval of Class Action Settlement" (ECF No. 27), the "Declaration of Jennifer Mills for [Settlement Administrator] Rust Consulting, Inc." (ECF No. 30-2), all related filings, exhibits, and declarations attached to the above and related filings (collectively referred to as the "Motion papers"), and the arguments and representations of counsel during the September 13, 2023 Fairness Hearing, and all other papers and proceedings herein. The Court **ORDERS** the following:

    1.      The Court **CERTIFIES A SETTLEMENT CLASS** comprised of:

All individuals listed in the Preliminary Class Member List and Allocation Schedule attached as Exhibit E [to the Joint Motion for Preliminary Approval – ECF #27-5], which includes all present and former hourly non-exempt employees of Defendants during the period of September 30, 2019 to November 19, 2021 who worked overtime hours during one or more workweeks and who were not paid overtime compensation at one and one-half times the employee's regular rate of pay for all hours worked in excess of forty (40) hours per workweek, *and who did not request exclusion from the settlement* (the "Settlement Class" or "Covered Class Members").

2. Based on the evidence and arguments presented in the motion papers and during the fairness hearing, the Settlement Class satisfies Fed. R. Civ. P. 23(a)'s four requirements, numerosity, commonality, typicality, and adequacy of representation, as well as Fed. R. Civ. P. 23(b)(3)'s additional requirements that common questions of law or fact "predominate over any questions affecting only individual members" and that the "class action is superior to other available methods for fairly and efficiently adjudicating the controversy." As to numerosity, the Settlement Class consisting of 36 Covered Class Members is "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). *See Kis v. Covelli Ents.,* N.D.Ohio No. 4:18-cv-54, 2020 U.S. Dist. LEXIS 93929, at *5 (May 29, 2020), fn. 19 (citing *In re Am. Med. Sys., Inc.,* 75 F.3d 1069, 1076 (6th Cir. 1996) ("[T]he Sixth Circuit has previously held that a class of 35 was sufficient to meet the numerosity requirement.")); *Afro American Patrolmen's League v. Duck*, 503 F.2d 294, 298 (6th Cir. 1974).

3. The Court **APPROVES** the payments to Covered Class Members as provided for in the Settlement Agreement and Final Class Member List (ECF No. 30-3 ), as the settlement payments are "fair, reasonable, and adequate," pursuant to Fed. R. Civ. P. 23(e)(2), because, based on the evidence and arguments presented in the Motion papers and during the fairness hearing, all of the criteria described in Fed. R. Civ. P. 23(e)(2)(A)-(D) favors approval as to the Settlement Class.

4. The Court **APPROVES** the Covered Class Members' release of the "Class Member Released Claims" as provided in the Settlement Agreement, (ECF No. 27-1 at PageId ##166-167), as well as the other terms of the Settlement Agreement because, based on the evidence and arguments

2

presented in the Motion papers and during the fairness hearing, the settlement is "fair, reasonable, and adequate," considering (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest. *Carr v. Guardian Healthcare Holdings, Inc.*, S.D. Ohio No. 2:20-cv-6292, 2022 U.S. Dist. LEXIS 32094, at *9-18 (Jan. 19, 2022).

5. Plaintiff Devon Miller, who was previously preliminarily approved as class representative on April 4, 2023, is appointed permanent class representative. *See* ECF No. 28 at ¶ 5. The law firm of Scott & Winters Law Firm, LLC, who was previously preliminarily approved as interim Class Counsel on April 4, 2023, is appointed permanent Class Counsel. *See* ECF No. 28 at ¶ 6; Fed. R. Civ. P. 23(g)(1).

6. The Court **APPROVES** the total payment to Class Counsel in the amount of $28,500.00, representing $27,412.02 in attorney's fees and $1,087.98 in reimbursed litigation expenses because, based on the evidence and arguments presented in the Motion papers and during the fairness hearing, the fee payment falls within the range of fees awarded by courts within this district and division in other wage and hour class action settlements. *See Carr*, U.S. Dist. LEXIS 32094, at *22-27 (citing cases),

The proposed settlement includes a payment of attorneys' fees equating to 32.06% of the total settlement amount, or $27,412.02, in addition to reimbursed litigation costs in the amount of $1,087.98, for a total of $28,500.00. The amount agreed upon for attorneys' fees and costs satisfies the Sixth Circuit's standard for Fed. R. Civ. P. 23 class action and FLSA settlements. *Carr*, U.S. Dist. LEXIS 32094, at *22-27 (citing cases), and is supported by each of the factors described in *Ramey v. Cincinnati Enquirer, Inc.*, 508 F.2d 1188, 1196 (6th Cir. 1974). Class Counsel's requested hourly rates and attorney time spent on the matter are reasonable, and Class Counsel's attorney fee lodestar results in a "negative multiplier" of .493, and a projected final negative multiplier of 0.42 – 0.39. Such a negative multiplier supports that the fee sought is reasonable, *see, e.g, Rikos v. P&G*, S.D. Ohio No. 1:11-cv-226, 2018 U.S.

Dist. LEXIS 72722, at *26 (Apr. 30, 2018), and a lodestar analysis of the attorneys' fees to be paid to Class Counsel also supports the reasonableness of the fee request. *Rawlings v. Prudential-Bache Properties*, 9 F.3d 513, 517 (6th Cir. 1993); *see also, e.g., Waters v. To You*, S.D. Ohio No. 3:19-cv-372, 2022 U.S. Dist. LEXIS 139084, at *13 (Aug. 1, 2022); *Dillow v. Home Care Network, Inc.,* S.D. Ohio No. 1:16-cv-612, 2018 U.S. Dist. LEXIS 170579, at *17-18 (Oct. 3, 2018).  In addition, the reimbursed litigation expenses and costs incurred by Class Counsel were necessary and reasonable and are approved.

7. The Court **APPROVES** the payment to Settlement Class Administrator Rust Consulting, Inc. in the amount of $8,000.00 for settlement administration expenses because, based on the evidence and arguments presented in the Motion papers and during the fairness hearing, such settlement administration expenses are necessary and reasonable.

## II.

For the reasons stated above, the Court **GRANTS** the parties' Joint Motion for Settlement Approval (ECF No. 30.)  The Clerk is **DIRECTED** to **ENTER JUDGMENT**, **DISMISS WITH PREJUDICE** this action, and **CLOSE** this case.

**IT IS SO ORDERED.**

**9/13/2023**                                                      **s/Edmund A. Sargus, Jr.**
**DATE**                                                           **EDMUND A. SARGUS, JR.**
                                                               **UNITED STATES DISTRICT JUDGE**